# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MICHAEL JON STAUNTON,                     Case No. 14-CV-3008 (JRT/TNL)

        Petitioner,

v.                                        **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA and WARDEN
MICHELLE SMITH,

        Respondents.

---

This matter is before the undersigned United States Magistrate Judge on petitioner Michael Jon Staunton's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Because Staunton's petition is barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), this Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Staunton was convicted in 2001 after a jury trial of one count of first-degree premeditated murder and three counts of first-degree felony murder while committing or attempting to commit burglary, kidnapping, and tampering with a witness. *See Staunton v. State*, 842 N.W.2d 3, 5 (Minn. 2014) ("*Staunton IV*"). Staunton was sentenced to a life term of imprisonment without possibility of parole. *Id.*

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The procedural history of Staunton's case after trial was "lengthy and convoluted." *Id.* This Court will only recount those portions of the procedural history that are relevant at this time. Staunton appealed his conviction and sentence, but later moved to dismiss his direct appeal while his petitions for post-conviction relief were pending. The Minnesota Supreme Court granted his motion to dismiss the direct appeal in May 2003. *Id.*

In the meantime, Staunton filed three petitions for post-conviction relief alleging, among other things, that his trial counsel had been ineffective, the prosecutor had withheld relevant evidence, and the evidence admitted at trial was insufficient to establish that he had committed any crime. The final of those three petitions was denied by the trial court in 2009. That denial was affirmed by the Minnesota Supreme Court on June 30, 2010. *See Staunton v. State*, 784 N.W.2d 289 (Minn. 2010) ("*Staunton III*").

Staunton filed a fourth petition for post-conviction relief in state court on June 27, 2012. *See* Petition at 5 [ECF No. 1]. That petition was denied by the trial court as untimely. Minnesota law provides — with exceptions not applicable in Staunton's case — that "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal," Minn. Stat. 590.01, subd. 4, and Staunton's direct appeal had been disposed of when the Minnesota Supreme Court granted Staunton's motion to dismiss his appeal in May 2003. The denial of Staunton's fourth petition on untimeliness grounds was affirmed by the Minnesota Supreme Court in January 2014. *See Staunton IV*, 842 N.W.2d at 6-10.

On July 25, 2014, Staunton filed a petition with the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Staunton raises innumerable issues about his state-

court proceedings, including allegations of prosecutorial misconduct, ineffective assistance of trial counsel, misconduct by the medical examiner who investigated the crime scene, and much else.

## II.  ANALYSIS

Section 2244(d) provides a one-year statute of limitations for habeas petitions filed by state prison inmates.  Specifically, that statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Staunton's petition is unquestionably barred by § 2244(d). To begin, Staunton provides no basis for believing that §§ 2244(d)(1)(B) or 2244(d)(1)(C) could apply in this case. The statute of limitations for Staunton's petition therefore must run from either (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D).

Staunton's direct appeal was dismissed in May 2003. *See Staunton IV*, 842 N.W.2d at 7. Staunton did not file his habeas petition until July 2014 — over 11 years after the "conclusion of direct review" of Staunton's claims by the Minnesota courts. 28 U.S.C. § 2244(d)(1)(A). For much of this period, the statute of limitations for Staunton's habeas petition was tolled as his motions for post-conviction relief meandered their way through the state courts. *See* 28 U.S.C. § 2244(d)(2); *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999) (statute of limitations tolled during appeal of state petitions for post-conviction relief). Nevertheless, more than one year has passed since the conclusion of direct review of Staunton's conviction during which no petition for post-conviction relief was pending. The Minnesota Supreme Court affirmed the denial of Staunton's third petition for relief on June 30, 2010. *See Staunton III*, 784 N.W.2d at 289. Staunton did not file his fourth motion for post-conviction relief in state court until June 27, 2012 — nearly two years later. *See* Petition at 5. Even if the statute of limitations did not run at

any other time after Staunton's conviction, this two-year period of delay from June 2010 to June 2012 would result in Staunton's petition being time-barred under § 2244(d)(1)(A).[2]

Accordingly, Staunton's petition is timely only if that petition was filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The vast majority of Staunton's claims were raised in his first three state-court petitions for post-conviction relief. As such, it is clear that the "factual predicate[s]" of those claims were discovered, at a minimum, prior to the Minnesota Supreme Court's denial of Staunton's third petition in June 2010.

Staunton alleges that one claim raised in his habeas petition rests on newly discovered evidence. Specifically, Staunton alleges that, in November 2011, the medical examiner who investigated the crime scene indirectly revealed during a television news interview that he failed to follow his usual protocols in Staunton's case, thereby casting into doubt his findings about the time of death of Staunton's victim. *See* Petition at 27-31. But this claim, too, is time barred. As an initial matter, there is no reason that the medical examiner's failure to follow protocol could not "have been discovered through the exercise of due diligence" in 1999, when the medical examiner conducted the allegedly faulty examination. 28 U.S.C. § 2244(d)(1)(D). Even leaving

---

[2]Staunton might argue that his fourth petition challenging his sentence in 2012 reset the clock on the federal statute of limitations, giving him a fresh one-year limitations period starting from when the denial of that petition was affirmed by the Minnesota Supreme Court in January 2014. That is simply not the case, however. "Section 2244(d)(2) only stops, but does not reset, the [statute-of-limitations] clock from ticking and cannot revive a time period that has already expired." *Cordle v. Guarino*, 428 F.3d 46, 48, n.4 (1st Cir. 2005). Once the statute of limitations expired, it could not thereafter be reset by the filing of another petition for post-conviction relief.

that aside, however, Staunton alleges that the evidence of the medical examiner's malfeasance came to light on November 22, 2011 (or perhaps November 21, 2011).  *See* Petition at 27.  Seven months passed from that discovery to the date that Staunton filed his fourth motion for post-conviction relief (June 27, 2012).  Another six months passed from the Minnesota Supreme Court's denial of that fourth petition (January 22, 2014) to the date that Staunton filed his habeas petition (July 25, 2014).  Thus, since Staunton's discovery of the evidence relating to this claim, over 13 months have passed during which the statute of limitations was not tolled.  The one-year statute of limitations in § 2244(d) therefore bars this claim as well.

Because Staunton's petition is precluded by § 2244(d), this Court recommends that his petition be denied.  It is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Staunton's claims any differently than they have been decided here.  Accordingly, it is recommended that Staunton not be granted a certificate of appealability in this matter.  *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.").

[Continued on next page.]

### III.  RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Michael Jon Staunton's petition for a writ of habeas corpus [ECF No. 1] be **DENIED**.

2. This case be **DISMISSED WITH PREJUDICE**.

3. Staunton not be issued a certificate of appealability.

Dated: August  28 , 2014                              *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge

                                                      *Staunton v. State of Minnesota et al.*
                                                      Case No. 14-CV-3008 (JRT/TNL)

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 29, 2014**.  A party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.  The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.