# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MICHAEL JON STAUNTON,                    Civil No.  14-3008 (JRT/BRT)

                               Petitioner,

v.                                       **MEMORANDUM OPINION
                                         AND ORDER ADOPTING THE
                                         REPORT AND RECOMMENDATION
STATE OF MINNESOTA and                   OF THE MAGISTRATE JUDGE**
WARDEN MICHELLE SMITH,

                               Respondents.

Michael Jon Staunton, No. 100417, Minnesota Correctional Facility-Stillwater, 970 Pickett Street North, Bayport, MN  55003, *pro se*.

Gordon P. Coldagelli, Assistant County Attorney, **ST. LOUIS COUNTY ATTORNEY'S OFFICE**, 100 North Fifth Avenue West, #222, Virginia, MN  55792, for respondents.

Petitioner Michael Jon Staunton ("Staunton") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 25, 2014.  On August 28, 2014, United States Magistrate Judge Tony Leung issued a Report and Recommendation ("R&R"), recommending the Court deny the habeas petition because it is untimely under 28 U.S.C. § 2244(d).  Staunton filed objections to the R&R, along with two subsequent motions to expand the record.  Because the Magistrate Judge correctly found that Staunton's habeas petition is untimely, the Court will adopt the R&R and deny Staunton's habeas petition. The Court will deny Staunton's two motions to expand the record as moot.

## BACKGROUND

In January 2001, Staunton was found guilty by a St. Louis County, Minnesota jury for various offenses, including first-degree felony murder, in connection with the November 23, 1999 stabbing death of Darryl Kokochak. *Staunton v. State*, 842 N.W.2d 3, 4-5 (Minn. 2014) ("*Staunton IV*"). Staunton was sentenced to life in prison without the possibility of parole. *Id.* at 5.

The subsequent procedural history of Staunton's case is "lengthy and convoluted." *Id.* Staunton filed a direct appeal in April 2001, which was stayed pending consideration of his first petition for postconviction relief. *Id.* In November 2002, Staunton sought permission to withdraw his first petition, which the court granted. *Id.* The supreme court then issued an order, in May 2003, "granting Staunton's motion to dismiss his direct appeal." *Id.*

Staunton then filed three more petitions for postconviction relief. His second petition, filed in July 2003, was resolved without a decision as to the petition's merits. *Id.* His third petition, filed in April 2007, was denied by the postconviction court following an evidentiary hearing. *Id.* The supreme court considered his petition on the merits, and, in a June 30, 2010 decision, affirmed Staunton's conviction. *Staunton v. State*, 784 N.W.2d 289, 296-303 (Minn. 2010) ("*Staunton III*"). The court rejected Staunton's arguments that the state presented insufficient evidence at trial to support his conviction, and that his trial counsel was ineffective. *Id.* at 297-303.

Staunton filed a fourth petition in June 2012. *Staunton IV*, 842 N.W.2d at 6. In a January 22, 2014 decision, the supreme court affirmed the trial court's decision to deny

Staunton's fourth petition as time-barred under Minnesota Statute § 590.01, subd. 4(a) ("No petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal."). *Staunton IV*, 842 N.W.2d at 5, 9-10. The supreme court concluded that it had disposed of Staunton's direct appeal in May 2003, when it had granted his motion to dismiss his direct appeal. *Id.* at 7 ("It is undisputed that Staunton's direct appeal was dismissed in May 2003."). As a result, Staunton's fourth petition was filed well beyond his deadline of July 31, 2007. *Id.* at 6, 9-10 (noting that Staunton's deadline was July 31, 2007, because his conviction became final before the effective date of the 2005 amendments to Minnesota Statute § 590.01).

Staunton filed his habeas petition under 28 U.S.C. § 2254 on July 25, 2014 (Pet. Under 28 U.S.C. § 2244 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition"), July 25, 2014, Docket No. 1.) Neither the State of Minnesota nor the St. Louis County Attorney's Office filed a response. The Magistrate Judge issued an R&R, recommending the Court deny Staunton's habeas petition and dismiss his case with prejudice. (R&R at 6-7, Aug. 28, 2014, Docket No. 5.) The R&R reasoned that Staunton's habeas petition falls outside the one-year statute of limitations found in 28 U.S.C. § 2244(d). The R&R also recommended against issuing a Certificate of Appealability.

Staunton filed timely objections to the R&R. (Objections to R&R ("Objections"), Sept. 29, 2014, Docket No. 8.) He also filed two motions to expand the record. (Mot. to Expand the Record ("First Mot."), Dec. 19, 2014, Docket No. 9; Mot. for Expansion of the Record ("Second Mot."), Apr. 17, 2015, Docket No. 13.)

**DISCUSSION**

## I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

## II.   DISCUSSION

### A.   Objections to R&R

28 U.S.C. § 2244(d) contains a one-year statute of limitations that governs habeas petitions.  The provision states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The R&R concluded that Staunton's habeas petition was filed long after this one-year limitations period expired.  (R&R at 3-7); *see also Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012) ("Our precedent establishes that a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition.") The R&R reasoned that only Section 2244(d)(1)(A) and (D) are at issue in this case.

As for Section 2244(d)(1)(A), Staunton's direct appeal was dismissed in May 2003, *Staunton IV*, 842 N.W.2d at 7, and he did not file his habeas petition until July 25, 2014.  28 U.S.C. § 2244(d)(1)(A) (stating that the limitations period runs from the "conclusion of direct review").  Although the limitations period was tolled during many of the eleven years between the conclusion of the state's direct review and the filing of the federal habeas petition, *see* 28 U.S.C. § 2244(d)(2), the R&R notes that there was well beyond one year of time during that period that went untolled.  (R&R at 4-5.)  For example, the supreme court issued its substantive decision on Staunton's third petition for postconviction relief on June 30, 2010.  *Staunton III*, 784 N.W.2d.  Staunton did not file his fourth postconviction petition until June 2012, which means that roughly **two** years of untolled time passed between the decision on his third petition and his filing of a fourth.

*See Staunton IV*, 842 N.W.2d at 6.   Another six months passed between the supreme court's rejection of his fourth petition, *id.*, and the filing of his federal habeas petition.

As for Section 2244(d)(1)(D), the R&R noted that although Staunton alleges that he discovered new factual information in November 2011 about the medical examiner in his case – namely that the medical examiner had not followed his usual protocols in Staunton's case, (Habeas Petition at 27-31) – more than one year passed from when he discovered this new information to when he filed his federal habeas petition.  (R&R at 5-6.)

Staunton challenges the R&R on several grounds, in both his objections and his motions to expand the record.  The Court will consider each of these arguments, even if raised in a motion to expand the record, because "[p]ro se filings are to be construed liberally."  *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009).

Staunton's chief objection is that the State of Minnesota – either the courts or the prosecution and law enforcement – created an impediment to his filing a federal habeas petition by failing to provide him with required evidence or, as to the courts, failing to rule on his allegations that the prosecution committed numerous violations of criminal discovery rules, particularly the requirement under *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution "disclose evidence that is favorable to the accused and material to either guilt or punishment," *United States v. Barraza Cazares*, 465 F.3d 327, 333 (8th Cir. 2006).   (Objections at 8-10; First Mot. at 2-5.)   Staunton claims he understood the requirement that he exhaust his discovery allegations in state court before

bringing them in federal court, and so he continually raised them in state court to no avail before finally submitting his habeas petition.  (Objections at 8.)

In the alternative, Staunton claims his discovery allegations are still "pending" before the state courts (i.e., the state trial court never ruled on certain motions to compel evidence and Staunton has still not viewed that evidence), and, consequently, the federal limitations clock is still tolled under 28 U.S.C. § 2244(d)(2).[1]  (Second Mot. at 4-6; *see also* Second Mot. Exs., Aff. of David W. Shamla ("Shamla Aff.") at 6-10, Apr. 17, 2015, Docket No. 14 (attorney for Staunton during litigation at the trial court level over his state postconviction relief petition, listing the evidence he asked the state trial court to compel the prosecution to disclose and stating that "[t]he Court did not ever rule on these discovery requests").

Even taking into account the arguments and materials submitted in Staunton's objections and two motions to expand the record, the Court finds that the R&R correctly concluded that Staunton's habeas petition is time-barred.  First, it is not entirely clear from the record whether and to what extent Staunton raised discovery and *Brady* issues before the state trial court and the supreme court.  While Staunton's attorney at the state trial court level alleges that the court heard but failed to rule on discovery and *Brady*

---

[1] Staunton cites *Wood*, 132 S. Ct. 1826, for the proposition that the state courts' failure to rule on his discovery allegations means that his habeas claims are still pending in state court and the federal limitations period is still tolled.  (Second Mot. at 4.)  Yet *Wood* does not stand for this proposition, nor does it support Staunton's case.  Instead, in *Wood* the Supreme Court held that the U.S. Court of Appeals for the Tenth Circuit abused its discretion when it rejected a habeas petition for being untimely, even though the state had twice stated explicitly that it would not oppose the habeas petition on statute of limitations grounds.  *Id.* at 1834-35.  This case is different, in that neither the State of Minnesota nor the St. Louis County Attorney's Office has responded to Staunton's habeas petition, or explicitly refused to raise the statute of limitations as a defense.  As a result, the Court may address the timeliness issue sua sponte. *Id.* at 1834.

allegations, (Shamla Aff. at 6-10), his counsel on appeal to the supreme court states that he did not address discovery violations in Staunton's briefs because he "did not think they had a chance of getting [Staunton] some relief." (Objections, App. at 54.)  Second, there is no support for the argument that the limitations clock is still running because the discovery allegations are still "pending" in state court.

As for Staunton's argument that the prosecution, or the state courts, created an impediment to his timely filing a habeas petition, 28 U.S.C. § 2244(d)(1)(B), the Court concludes that, irrespective of whatever challenges Staunton alleges he faced, he still could have filed his habeas petition in a timely manner.  The alleged discovery violations are trial-level *Brady* errors that Staunton and his postconviction relief attorney, for example, readily identified at earlier stages in the litigation.  (*See, e.g.*, Shamla Aff. at 6-7.)  Even if, following the resolution of his third postconviction petition by the supreme court, Staunton believed he needed to obtain state consideration of his discovery claims in order to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A), it is still not clear why he waited almost two years to file his fourth postconviction relief petition – a timeline that meant he did not file his habeas petition until almost two and a half years of untolled time had passed since the decision on his third postconviction petition.  The amount of time that passed puts Staunton well outside the one-year limitations period in 28 U.S.C. § 2244(d)(1) and Staunton has not shown that any failure by the state courts to consider his discovery allegations – or any failure by the prosecution to turn over *Brady* evidence – amounts to an impediment that precluded him from filing more quickly. *Grauberger v. Dooley*, No. 10-3004, 2011 WL 4477323, at *3-*5 (D. Minn. June 7,

2011) ("[E]ven if the Government's withholding of the alleged *Brady* evidence was a state-created impediment, the evidence did not prevent [the petitioner] from seeking habeas relief."), *adopted by* No. 10-3004, 2011 WL 4477321 (D. Minn. Sept. 27, 2011).

To the extent Staunton continues to allege that he received new evidence of the medical examiner's misconduct in November 2011, (Objections at 6-7), the R&R correctly concluded that, even if what Staunton discovered about the examiner in November 2011 amounted to a new "factual predicate" under 28 U.S.C. § 2244(d)(1)(D), more than one year of untolled time passed between his discovery of that evidence and when he filed his federal habeas petition.  (R&R at 5-6.)  As a result, any claim based on this new evidence is still time-barred.  Similarly, Staunton argues that he did not know his direct appeal was voluntarily dismissed until May 2009 and, consequently, the one-year limitations period should not have started in May 2003.  (Objections at 1-2 ("Since the petitioner was uninformed of his attorney's action the petitioner was unable or unaware of the significance of certain relevant facts.").)  Again, even if the federal limitations period could not have started to run until Staunton discovered his direct appeal had been dismissed, roughly two and a half years of untolled time still followed that discovery, in between the supreme court's decision on his third postconviction relief petition, the filing of his fourth petition, and the filing of his federal habeas petition.

In sum, Staunton has not raised any objections to the Magistrate Judge's R&R that excuse the late filing of his federal habeas petition.[2]   As a result, the Court will overrule Staunton's objections and adopt the R&R.   In addition, because the additional record material submitted by Staunton in his two motions to expand the record do not alter the Court's analysis, the Court will deny both motions as moot.

### B.       Certificate of Appealability

The Court may grant a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).   For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Staunton has not shown that reasonable jurists would find the issues raised in Staunton's Section 2254 petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings.   The Court therefore declines to grant a Certificate of Appealability in this case.

---

[2] Staunton asks the Court to remand this matter to state court to rule on his discovery allegations.  (Objections at 10.)  This Court does not have the authority, however, to direct state courts to rule on the issues raised in a federal habeas petition.

Additionally, to the extent any of Staunton's arguments could be construed to constitute an argument that equitable tolling should apply, the Court concludes that he has not shown that he is entitled to the "exceedingly narrow window of relief" provided under the equitable tolling doctrine.  *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  Staunton has not shown any "extraordinary circumstances" beyond his control that made it impossible to file a timely habeas petition.  *Id.*  Nor has he shown that the defendant has taken any steps to lull him into inaction. *Id.*

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Staunton's objections [Docket No. 8], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated [Docket No. 5].  **IT IS HEREBY ORDERED** that:

1.      Staunton's petition for a writ of habeas corpus [Docket No. 1] is **DENIED**.

2.      Staunton's motions to expand the record [Docket Nos. 9 and 13] are **DENIED as moot**.

3.      This action is **DISMISSED** with prejudice.

4.      For the purposes of appeal, the Court does not grant a Certificate of Appealability under 22 U.S.C. § 2253(c)(2).


    **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  July 7, 2015                    ___s/ John R. Tunheim___
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                              Chief Judge
                                       United States District Court